IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01635-BNB

RUDY STANKO,

     Applicant,

v.

BLAKE DAVIS,

     Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 1 2007

GREGORY C. LANGHAM
CLERK

---

ORDER CONSTRUING 28 U.S.C. § 2241 APPLICATION AS *BIVENS* COMPLAINT
AND DIRECTING APPLICANT TO FILE CLAIMS ON COURT-APPROVED FORM

---

Applicant, Rudy Stanko, is a prisoner in the custody of the United States Bureau of Prisons who was incarcerated at the Federal Correctional Institution (FCI) in Littleton, Colorado, when he initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). He paid the $5.00 filing fee for a habeas corpus action. He has since informed the Court that he has been transferred to the FCI in Terre Haute, Indiana, and that he will be transferred again to the FCI in Sandstone, Minnesota.

The Court has reviewed the application and finds that Mr. Stanko is asserting civil rights claims rather than habeas corpus claims. Mr. Stanko complains about his access to the courts, the inmate grievance system, and his classification and placement. He does not challenge the execution of his sentence.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release

from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

The Court will construe the application liberally as asserting civil rights claims pursuant to *Bivens.*  The clerk of the court will be directed to mail to Mr. Stanko the appropriate form for filing a Prisoner Complaint.  Mr. Stanko will be ordered to complete the complaint form and submit his completed complaint to the Court if he wishes to pursue his claims.  Mr. Stanko should name as defendants the individuals who allegedly have violated his rights.

In addition, as noted above, Mr. Stanko has paid the $5.00 filing fee applicable to a habeas corpus action.  Because the Court has determined that this action properly is construed as a *Bivens*-type civil rights action, Mr. Stanko is required to pay the $350.00 filing fee.  *See* 28 U.S.C. § 1915.  Therefore, Mr. Stanko also will be ordered to submit the balance of $345.00 or, if he is unable to pay the entire balance at this time, to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his inmate trust fund account statement as required pursuant to 28 U.S.C. § 1915(a)(2).  If leave to proceed pursuant to § 1915 is granted, Mr. Stanko will be allowed to pay the balance of the filing fee in installments.  *See* 28 U.S.C. § 1915(b).  Accordingly, it is

ORDERED that the habeas corpus application is construed liberally as asserting claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

2

*Narcotics*, 403 U.S. 388 (1971).  It is

FURTHER ORDERED that Mr. Stanko cure the deficiencies in this action by submitting to the Court **within thirty (30) days from the date of this order** a Prisoner Complaint and either a payment in the amount of $345.00 or a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Stanko, together with a copy of this order, two copies of the following forms:  Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915; Prisoner Complaint.  It is

FURTHER ORDERED that the clerk of the Court mail copies of this order and the above-referenced forms to Mr. Stanko at the FCI in Terre Haute, Indiana, and at the FCI in Sandstone, Minnesota.

FURTHER ORDERED that if Mr. Stanko fails to cure the designated deficiencies within the time allowed, the habeas corpus application will be denied and the action dismissed without prejudice and without further notice.

DATED September 11, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 07-cv-01635-BNB

Rudy Stanko
Reg. No. 18259-013
FDC - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint** to the above-named individuals on_____

GREGORY C. LANGHAM, CLERK

By_____
                      Deputy Clerk